Robert J. Nahoum (RN-4907)
THE LAW OFFICES OF
ROBERT J. NAHOUM, P.C.
48 Burd Street, Suite 300
Nyack, NY 10960
(845) 450-2906

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Newark)

| | |
|---|---|
| YANIZA DE LOS SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>PARK PLACE OF NEW JERSEY, LLC d/b/a DIP'S LUXURY MOTORS; SALVADOR DIP; GREGORY WILSON and CAPITAL ONE AUTO FINANCE, INC. a division of CAPITAL ONE, N.A.,<br><br>Defendants. | Civil Action No.: |

**VERIFIED COMPLAINT**
(Jury Trial Demanded)

Plaintiff, Yaniza De Los Santos ("Plaintiff"), brings this action to secure including monetary damages and other relief under the New Jersey Consumer Fraud Act (the "CFA"), N.J.S.A. 56:8-1 *et seq.*, in connection with the unlawful practices of Defendant Park Place of New Jersey, LLC d/b/a Dip's Luxury Motors ("Park Place"), its owner Salvador Dip ("Dip"), Gregory Wilson ("Wilson") and Capital One Auto Finance, Inc. a division of Capital One, N.A. ("Cap One").[1]

**JURISDICTION AND VENUE**

---

[1] Park Place, Dip, and Wilson and Cap One may hereinafter be collectively referred to as "Defendants".

1. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332.

2. With regard to 28 U.S.C. § 1332, as set forth below, the parties are completely diverse and the amount in controversy exceeds $75,000.00.

3. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201 and § 2202.

4. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and defendants Park Place, Dip and Wilson[2] all maintain offices, transact business, and are otherwise found in this district.

## NATURE OF THIS ACTION

6. Defendants violated the CFA directly by engaging in unlawful acts, including but not limited to causing and/or directing the forgery of Plaintiff's signature on numerous documents, making her appear to be the "Co-Buyer" of a 2015 Jeep Cherokee, VIN 1C4RJFDJ0FC665126 (the "Vehicle") when she was not.

7. In actuality, Plaintiff did not sign the documents on which Defendants forged her signature, did not authorize Defendants or any other person to place her signature on those documents, was not a co-buyer or guarantor of the Vehicle, and had no involvement in the purchase of the Vehicle.

8. Plaintiff suffered ascertainable losses as a direct result of the unlawful acts in violation of the CFA committed by Defendants including but not limited the amount of

---

[2] Park Place, Dip and Wilson may hereinafter be collectively referred to as the "Dealer Defendants".

the $48,533.61 purchase price of the Vehicle and related items, for which Plaintiff became liable as a result of Defendant's forgery; any interest, late fees, collection fees or penalties associated with the financing of the purchase of the Vehicle and damages to her credit rating.

9. Plaintiff also seeks damages and punitive damages under the New Jersey Punitive Damages Act five times the amount of compensatory damages or $350,000, whichever is greater as a result of the actual common law fraud and egregious actions Defendants perpetrated upon her.

## **PARTIES**

10. Plaintiff Yaniza De Los Santos resides in New York, New York.

11. Defendant Park Place of New Jersey, LLC d/b/a Luxury Motors is and has been at all times relevant to this matter a dealership engaged in the business of purchasing and selling motor vehicles in the State of New Jersey. Park Place's business address is 500 South Broad Street, Elizabeth, New Jersey 07202.

12. Defendant Dip owns all or part of Park Place and resides in Freehold, New Jersey in Monmouth County.

13. Defendant Gregory Wilson was the salesman involved in all aspects of the sale and financing of the Vehicle and the unlawful acts alleged herein, and, upon information and belief resides in the State of New Jersey.

14. Cap One is a division of a national banking association. For diversity purposes, a national bank and its divisions are citizens of the state in which the national bank has its main office as designated in its articles of association. *See Wachovia Bank, NA. v. Schmidt, III*, 546 U.S. 303, 318 (2006) (holding that national bank is a citizen of

"the State designated in its articles of association as its main office"). Thus, for diversity purposes, Cap One is a citizen of the Commonwealth of Virginia. See 28 U.S.C. § 1332.

15. Cap One provides automobile loans and loan servicing nationwide including in the state of New Jersey.

16. Cap One is, upon information and belief, assignee of Plaintiff's contracts with the Dealer Defendants and, as a result, is subject to all claims and defenses pursuant to federal and New Jersey law including, but not limited to N.J.S.A. 17:16C-38.2.

## FACTS

17. Sometime prior to October 3, 2012 Plaintiff allegedly incurred a financial obligation (the "Alleged Debt") to non-party Discover Bank ("Discover").

18. Defendant Park Place is a motor vehicle dealer that, in the ordinary course of business, is engaged in the purchase and sale of motor vehicles.

19. During the twelve-month period that includes July 22, 2019, Defendant was a dealer as defined by the regulations, as it sold three or more cars during that period.

20. Defendant Dip owns all or part of Defendant Park Place.

21. Defendant Dip is the principal of Park Place.

22. Defendant Dip manages the day-to-day operation of Park Place.

23. Defendant Dip sets the policies and practices of Park Place, including the policies and practices complained of herein.

24. Defendant Dip set the policies and practices of Park Place regarding the form of documents used in motor vehicle transactions.

25. Defendant Dip was directly involved in all or some of the practices related to the sale and financing of the Vehicle alleged herein.

26. Defendant Wilson was the salesperson at Park Place assigned to the sale of the Vehicle referred to herein.

27. Defendant Wilson was directly involved in all of the practices related to the sale and financing of the Vehicle alleged herein.

28. On July 22, 2019, during a visit to the Dealer Defendant's car lot, Plaintiff's cousin, Yordy Hernandez Liranzo ("Mr. Liranzo"), expressed an interest in purchasing the Vehicle.

29. Prior to that date, Plaintiff told Mr. Liranzo that she might be willing to act as a guarantor for a loan enabling him to procure an automobile, but *only* if she received an opportunity to inspect the car and approve the deal before any purchase took place.

30. While interacting with the Dealer Defendants on July 22, 2019 regarding the Vehicle, Mr. Liranzo was informed that he did not financially qualify to make the purchase.

31. Mr. Liranzo then told the Dealer Defendants that he would need to return to the car lot with Plaintiff, a potential guarantor, so that she might inspect the Vehicle and review the transaction.

32. In response, the Dealer Defendants informed Mr. Liranzo, a recent immigrant who does not speak English and has limited education, that Plaintiff's presence was not necessary to close the purchase of the Vehicle, and informed him that it was permissible to financially qualify for and complete the sale by signing Plaintiff's name and/or by signing his name on signature lines that called for her name on the pertinent documents.

33. Throughout this Complaint, Plaintiff uses various forms of the term "forgery" to refer to both (1) the unlawful signing of Plaintiff's name without her knowledge or consent, (2) placing the name of Mr. Liranzo, or any other person, on signature lines that called for Plaintiff's name; and/or assigning any document with Plaintiff's forged name or signature to any third party.

34. At the instruction of the Dealer Defendants, and as a result of his limited understanding of both the English language and applicable law, Mr. Liranzo signed his name on signature lines that called for her name on some documents, including the Bill of Sale, and signed her name on various other documents necessary to complete the purchase.

35. Plaintiff never signed any of these documents or any other documents related to the sale and financing of the Vehicle.

36. No agreement was ever formed between Plaintiff, Park Place, Cap One or any third party related to the sale and financing of the Vehicle.

37. Plaintiff only became aware of these documents in July, 2019 after they were fraudulently signed with her name and processed.

38. Plaintiff only obtained copies of these documents from Park Place on September 9, 2019.

39. Upon information and belief, Plaintiff's signature was also placed, without her knowledge or permission, on a Retail Installment Contract that was assigned to Cap One.

40. Plaintiff has never received a copy of a Retail Instalment Contract or any disclosures such a document contains, but Cap One has informed her that it considers her liable under a Retail Installment Contract applicable to the Vehicle.

41. The various documents upon which Plaintiff's signature was affixed, without her knowledge and consent, purport to make her a "Co-Buyer" of the Vehicle.

42. Plaintiff never agreed, in any circumstances, to jointly buy a car with her Mr. Liranzo and she never agreed to be a co-buyer or guarantor of the sale or financing of the Vehicle

43. As set forth above, Plaintiff never received a chance to inspect the Vehicle or approve its purchase before her signature was placed, without her knowledge or consent, on numerous documents necessary to complete the sale.

44. By persuading Mr. Liranzo, a recent immigrant who does not speak English, into causing or allowing Plaintiff's name to be forged on documents related to the sale and financing of the Vehicle, Defendants knowingly and intentionally committed unlawful acts, material misrepresentations and other affirmative acts which victimized and damaged Plaintiff and her cousin Mr. Liranzo.

**FIRST CAUSE OF ACTION**
**<u>VIOLATION OF THE</u>**
(N.J.S.A. 56:8-1 *et seq.*)

45. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

46. Defendants engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses, and/or misrepresentations in connection with the sale of the Vehicle on July 22, 2019, in violation of the Consumer Fraud Act at N.J.S.A. 56:8-2, including without limitation:

(a) Defendants engaged in unconscionable commercial practices, fraud, false pretenses, and material misrepresentations by tricking Plaintiff's cousin, a foreign national who does not speak English, into believing that it was permissible, in Plaintiff's absence and without her knowledge or consent, to complete the purchase of the Vehicle by placing Plaintiff's name, or allowing Plaintiff's name to be placed, on multiple documents required to finalize the purchase.

(b) Defendants engaged in fraud by causing Plaintiff's signature to be forged on multiple documents relating to the purchase of the Vehicle, and purporting to make her a Co-Buyer of the Vehicle, without Plaintiff's knowledge or authorization.

(c) Defendants engaged in unlawful affirmative acts under the CFA by deceiving Mr. Liranzo and causing Plaintiff's signature to be forged on multiple documents related to the sale of the Vehicle, including a Bill of Sale, Limited Power of Attorney, Park Place Privacy Policy, Arbitration Agreement, Right of Repossession, Waiver of Dealer's Obligations, and, upon information and belief, Retail Installment Contract. None of these documents was signed by Plaintiff nor did she authorize anyone to affix her signature to the documents. Defendant forged Plaintiff's signature or caused her signature to be forged.

47. Plaintiff has suffered ascertainable losses as a result of Defendant's violations of the CFA, including but not limited to the Vehicle's purchase price of $48,533.61, for which Plaintiff has wrongfully became liable as a result of Defendants' actions of related to obtaining her forged signature on the sales documents, any interest, late fees, collection fees or penalties associated with the financing of the purchase of the Vehicle and damages to her credit rating.

**SECOND CAUSE OF ACTION**
**COMMON LAW FRAUD**

48. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

49. Defendants knowingly made material misrepresentations of a presently existing material fact in order to complete the sale and financing of the Vehicle to

Plaintiff's cousin, Yordy Hernandez Liranzo, including materially misrepresenting that it was permissible, even in Plaintiff's absence and without her knowledge or permission, to complete the purchase and financing of the Vehicle by forging Plaintiff's name on multiple documents required to finalize the purchase.

50. Defendants knowingly caused Plaintiff's signature to be forged on multiple documents without her knowledge or authorization, as described above, and made a material misrepresentation of a presently existing fact in order to complete the sale of the Vehicle.

51. Plaintiff did not sign or authorize anyone to sign on her behalf any of the documents at issue in this litigation.

52. At the time the material misrepresentations were made, Defendants knew its unlawful actions would cause Plaintiff to wrongfully become responsible for the $48,533.61 purchase price of the Vehicle and any related financing or collection costs or fees.

53. The material misrepresentations were made with the intent that they be relied on.

54. Defendants' material misrepresentations were relied upon because Defendants were able to complete the sale and financing of the Vehicle as a direct result of the material misrepresentations.

55. Defendants' conduct with regard to the sale and financing of the Vehicle, and the forgery of Plaintiff's signature necessary to accomplish that sale, was willful, wanton, reckless, and/or malicious.

56. Plaintiff has suffered damages as a direct result of Defendants' material misrepresentations, including but not limited to the Vehicle's purchase price of $48,533.61 for which Plaintiff has wrongfully became liable as a result of Defendant's actions of related to obtaining her forged signature on the sales documents and any related financing or collection costs or fees.

## THIRD CAUSE OF ACTION
## DAMAGES PURSUANT TO THE
## <u>NEW JERSEY PUNITIVE DAMAGES ACT</u>
(*N.J.S.A. 2A:15-5.9 et. seq.*)

57. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

58. There is clear and convincing evidence that the harm Plaintiff suffered was the result of Defendants' acts or omissions, and such acts or omissions were actuated by malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions including Plaintiff.

59. Defendants' acts or omissions that were actuated by actual malice or accompanied by a wanton disregard of persons who foreseeably might be harmed include the following:

    (a) Defendants knowingly and intentionally with actual malice and forethought persuaded Plaintiff's cousin, who does not speak English, into believing that it was permissible, in Plaintiff's absence and without her knowledge or consent, to complete the purchase of the Vehicle by forging Plaintiff's name on multiple documents required to finalize the purchase

    (b) Defendants knowingly and intentionally with actual malice and forethought caused Plaintiff's signature to be forged on multiple documents relating to the purchase and financing of the Vehicle, purporting to make her a Co-Buyer of the Vehicle, without Plaintiff's knowledge or authorization

60. Defendants profited from Plaintiff because it was able to sell and finance the sale of the Vehicle and assign the financing agreement, solely because her signature was forged on documents necessary to complete the sale and financing.

61. The harm suffered by Plaintiff was the direct result of Defendants' affirmative acts and omissions, and such acts or omissions were actuated by malice or accompanied by a wanton and willful disregard of persons, including Plaintiff, who foreseeably might be harmed by those acts or omissions.

62. The duration of Defendants' malicious and wanton disregard has been ongoing for several months and continues to go on both before and after the date of the filing of this Complaint.

**FOURTH CAUSE OF ACTION**
**<u>DECLARATORY RELIEF</u>**
(28 U.S.C. § 2201 et seq. and Rule 57
of the Federal Rules of Civil Procedure)

63. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

64. Plaintiff has never received a copy of a Retail Instalment Contract or any disclosures such a document contains, but Cap One has informed her that it considers her liable under a Retail Installment Contract applicable to the Vehicle.

65. Cap One's enforcement of the Retail Installment Contract, a product of fraud, against Plaintiff is wrongful and in violation of Plaintiff's rights.

66. Upon information and belief, there is an actual controversy existing between Plaintiff and Cap One as to the obligation of Plaintiff to Cap One under the Retail Installment Contract which is the subject of the within action.

67. Plaintiff requires and requests a declaration of her rights and a declaration of her obligations under the Retail Installment Contract.

68. Plaintiff is entitled to a declaration that there she has no obligation under the Retail Installment Contract.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) For declaratory judgment that Defendants violated the Consumer Fraud Act;

(b) For declaratory judgment that Defendants committed common law fraud;

(c) For injunctive relief prohibiting Defendants from engaging in the activities complained of herein, including causing the forgery of documents;

(d) For injunctive relief requiring the Defendants to cause Plaintiff's name and any obligation to be responsible for any third party contract or assigned contract to be removed from all third party contracts that were signed or assigned related to the sale and financing of the Vehicle including but not limited to the Auto Source Extended Service Contract, the GAP Contract, the Retail Installment Sales Contract that was assigned to Cap One;

(e) For treble damages pursuant to the CFA at N.J.S.A. 56:8-19;

(f) For reasonable attorneys' fees and costs of suit in connection with this action pursuant to the CFA at N.J.S.A. 56:8-19 and all other applicable statutes;

(g) For actual damages;

(h) For nominal damages;

(i) For punitive damages pursuant to the New Jersey Punitive Damages Act at N.J.S.A. 2A:15-5.9 *et seq.*;

(j) For pre-judgment and post-judgment interest;

(k) A Declaration of Plaintiff's obligations under the Retail Installment Contract.

(l) Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
August 25, 2020

**THE LAW OFFICES OF**
**ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

/S/ Robert J. Nahoum)
**ROBERT J. NAHOUM**
48 Burd Street, Suite 300
Nyack, NY 10960
(845) 450-2906
rjn@nahoumlaw.com

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/S/ Robert J. Nahoum
**ROBERT J. NAHOUM**

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Robert J. Nahoum, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

/S/ Robert J. Nahoum
**ROBERT J. NAHOUM**

## NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of the Complaint will be mailed to the Attorney General of the State of New Jersey within ten days after the filing with the Court, pursuant to N.J.S.A. 56:8-20.